## J. Edwards Thomas v. First National Bank of Belleville.

1. CONTRACT—*when, void.* Any contract made in furtherance of a business carried on in violation of the common-law and public policy of this state is void.

2. CERTIFICATE OF DEPOSIT—*what defense to.* It is a good defense to an action brought by the endorsee of a certificate of deposit to show that such endorsement was made and such certificate received in furtherance of an illegal contract.

Action of assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

L. D. TURNER and DILL & WILDERMAN, for appellant.

WINKELMANN & BAER, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit in the Circuit Court of St. Clair County, by appellant against appellee, to recover on an endorsed certificate of deposit. Trial by the court without a jury, by agreement of the parties. Finding in favor of appellee, and judgment on the finding in bar of the action and for costs.

The pleadings as they stood at the time of going to trial consisted of the declaration, the general issue and stipulation in which it was agreed that appellee might introduce under the general issue any and all defenses, the same as if specifically set up in special pleas.

E. J. Arnold & Co. was a partnership, engaged in the business of pooling, booking and betting on horse races. "They pooled on tracks at Delmar, Kinlock and Fair Grounds, St. Louis. They booked in Chicago, Harlem and Hawthorne. And they bet on races in San Francisco, New Orleans and Little Rock. They had a breeding farm in Illinois and raised horses." The business was professedly conducted on some sort of cooperative or combination in-

vestment plan, and they called it the "cooperative racing business." Customers were sought out and induced to deliver money to the company, to be used in carrying forward their pool selling, book-making and racing business. Such customers were denominated "depositors," and were guaranteed the right to share in the profits of the business to the extent of two per cent per week on all sums deposited, and the right to withdraw the deposit at any time. The principal place of business or home office was in St. Louis, Missouri, Benoist Building, Ninth and Pine streets. The business was extended and carried forward by means of agencies. One of these agencies was established in the city of Washington, D. C., known as the "Washington Branch," and appellant was its manager from September, 1902, to February, 1903, with offices at "1209 G St. N. W." At this branch office appellant advertised the business extensively, sought and procured deposits, acted up to the full measure of his title, "manager" of the "Washington Branch," and was interested in the business to the extent of one-tenth of all the moneys deposited through that branch of the establishment. The usual course of business at the Washington Branch was for the customer to give his money to appellant, the manager, appellant to deposit it in the bank and then send his individual check to the home office in St. Louis, and the home office would send a certificate of deposit direct to the customer. Upon this point appellant testified: "The person would give the money and I would deposit the money in the bank and send my individual check. They would send back to the person direct the certificate of deposit."

J. F. Wassell was a printer. His home was at Belleville, Illinois, but he worked in the Government Printing Office at Washington, D. C. He held a certificate of deposit of the First National Bank of Belleville, dated September 8, 1902, for $1,319.50, payable six months after date, with interest at the rate of three per cent. About the 19th of January, 1903, he was introduced to appellant by Mr. Travis, a fellow printer with Wassell and a special friend

of appellant. At this time Wassell deposited $50 with Arnold & Co., through appellant, giving his money to appellant, and appellant, as he states, sending his individual check to Arnold & Co. at St. Louis. On January 23, 1903, Wassell appeared again at the office of the " Washington Branch" and had with him his bank certificate of deposit. He and appellant figured up the interest and found the amount due from the bank at that date to be $1,325. Wassell wanted to invest $1,350, so that with his previous investment he would have even $1,400 of this two per cent a week profit-sharing investment, and appellant agreed to advance him the necessary $15 to be repaid on the following Monday. Wassell then endorsed his bank certificate to appellant, receiving therefor from appellant the following receipt :

" ARNOLD & COMPANY,
    Racing Stables,
    Benoist Building,
    St. Louis, Mo.

                  WASHINGTON, D. C., Jan. 23rd, 1903.
    Received of J. F. Wassell, $1,350.00, Thirteen Hundred & Fifty Dollars, for deposit with E. J. Arnold & Co., St. Louis, Mo.

                  J. EDWARDS THOMAS,
                Manager Washington Branch."

The $15 was paid on the following Monday, pursuant to agreement, and soon thereafter, the exact date not stated, Wassell received a certificate of deposit direct from the home office, in St. Louis, as follows :

" Washington Branch, J. Edward Thomas, Mgr., 1209 G St., N. W. Certificate of deposit. E. J. Arnold & Co. hereby acknowledge that J. F. Wassell has deposited with them the sum of Thirteen Hundred and Fifty Dollars ($1,350.00), to be used by them in their business. In consideration thereof they agree to share their profits with said depositor to the extent of two (2) per cent per week on the sum deposited. Said deposit may be withdrawn, in whole or in part, at any time, on demand, and the surrender of this certificate, and this is hereby guaranteed. E. J. Arnold & Co. Benoist Building, Ninth and Pine streets. St. Louis, 1–26, 1903. Series D, No. 15,254."

Concerning the details of the transaction between appellant and Wassell, relative to the bank certificate and appellant's individual check, there is direct conflict of testimony. Appellant contends that he simply accepted the bank certificate and loaned the $15 in his individual capacity, as a personal accommodation to Wassell, and drew his individual check payable to Arnold & Co. for the whole amount and delivered it to Wassell, and that Wassell himself mailed it to Arnold & Co. All this is denied by Wassell, and while we do not regard this alone as a controlling feature of the case, we are inclined to believe that Wassell's version of what did actually occur is more probably true than that of appellant.

On the morning of February 8, 1903, the home office of Arnold & Co. at St. Louis failed to open, the principal partners had fled the country, and the great two per cent per week profit-sharing business enterprise was a thing of the past, and Wassell thereupon informed appellee of the endorsement and delivery of his bank certificate and notified it not to pay the same; "stopped payment." We are of opinion that the business carried on by Arnold & Co., as disclosed by the evidence, was in violation of the common law, and contrary to public policy, as disclosed by the legislation of our own state, and that any contract made in furtherance of such business is void. We hold that under the evidence in this case appellant was a direct promoter of this unlawful business, and was in effect a partner with Arnold & Co., and can have no greater right against appellee than could Arnold & Co. We hold that under the evidence in this case the endorsement by Wassell on the certificate of deposit sued on, did not pass title to such certificate to appellant, and that appellant was not the legal holder of said certificate at the time of commencing this suit, nor at any time prior or subsequent, and that it was the privilege and duty of appellee under the facts of this case, to set up and establish this defense.

The judgment of the Circuit Court is affirmed.

*Affirmed.*